I «McCLENDON. J.
On appeal in this admiralty case brought pursuant to 33 U.S.C.A. § 905(b), the plaintiff challenges the dismissal of his action for damages based on a holding that his injuries were due to vessel negligence rather than employer negligence. For the following reasons, we affirm.
Gulf/Inland Contractors, Inc. is in the business of constructing offshore well jackets, platforms and similar structures. On June 30, 1998, it began construction of a fixed platform for Castex Oil Company in the Lake Pagic Field in inland Louisiana waters. In constructing the platform, Gulfilnland used a spud barge that it owned, which was towed to the job site. It also employed a construction crew that *1192 arrived at the site by crewboat and went home each night. GulfiTnland employed Bobby Martin as supervisor of the job and James L. Daggs as a roustabout.
On July 9, 1998, the day of the accident, the barge was spudded down at an angle near the platform. One corner of the barge was approximately four inches from the platform (hereinafter referred to as the “near corner”), while the adjacent corner was a greater distance from the platform (hereinafter referred to as the “far corner”). At the far corner of the barge, there was no gangway between the barge and the platform and no netting beneath the area. At the time of the accident, Daggs was standing in a skiff under the platform, attaching a one-inch pipe to the side of the platform, when Martin stepped from the barge to the platform at the far corner carrying a pipe jack. As Martin traversed the area part of the pipe jack fell, striking Daggs’s hard hat and hand, resulting in injuries to Daggs.
On April 15, 1999, Daggs filed a petition for damages pursuant to 38 U.S.C.A. § 905(b), the vessel negligence provision of the Longshore and Harbor Workers’ Compensation Act, against Gulfilnland and Martin, | ¡¡asserting total and permanent disability and seeking damages. After hearing the matter, the trial court rendered judgment, dismissing the plaintiffs claim for damages resulting from vessel negligence with prejudice. Daggs appeals, contending the trial court erred in finding that employer negligence, rather than vessel negligence, caused his injuries.
Section 905(b) of the Longshoremen and Harbor Worker’s Compensation Act provides a statutory negligence action against a ship owner by a longshoreman who sustains injuries during employment aboard its vessel. In Scindia Steam Navigation Co. Ltd. v. De Los Santos, 451 U.S. 156, 175-176, 101 S.Ct. 1614, 1626-27, 68 L.Ed.2d 1 (1981), the Supreme Court articulated the scope of a vessel owner’s duties as follows: (1) to warn the longshoremen of hidden defects that would be known to the ship owner in the exercise of reasonable care and to deliver to the stevedore a safe ship with respect to gear, equipment, tools, and work space; (2) to avoid exposing the longshoremen to harm from hazards under the control of the vessel; and (3) to intervene in the stevedoring process if it knows that a hazard exists that presents an unreasonable risk of harm to the longshoremen, and to eliminate or neutralize the hazard. See also Bergeron v. Main Iron Works, Inc., 563 So.2d 954, 957 (La. App. 1 Cir.1990), writs denied, 569 So.2d 960, 965 (La.1990). The vessel owner is otherwise entitled to rely on the stevedore to perform its operations adequately and is under no obligation to discover that the stevedore is acting improvidently. Scindia Steam Navigation Co. Ltd. v. De Los Santos, 451 U.S. 156, 170, 101 S.Ct. 1614, 1623, 68 L.Ed.2d 1 (1981).
Herein, Gulf/Inland acted in a dual capacity, as the vessel owner and as the plaintiffs employer. Therefore, although it retains its immunity for acts taken in its capacity as an employer, it can be sued for acts of vessel |4negligence. Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 531-32, 103 S.Ct. 2541, 2548, 76 L.Ed.2d 768 (1983); Orgeron v. Avondale Shipyards, Inc., 561 So.2d 38, 41 (La.1990), cert. denied, 498 U.S. 818, 111 S.Ct. 62, 112 L.Ed.2d 36 (1990). When the employer of an injured harbor worker is also the owner of the vessel and is sued under Section 905(b) for vessel negligence, the court’s task is to analyze the allegedly negligent conduct to determine whether the conduct was performed in the course of the operation of the owner’s vessel, as a vessel, or whether the conduct was performed in furtherance of the employer’s harborworker operations. Gravatt v. City *1193 of New York, 226 F.3d 108, 125 (2 Cir.2000), cert. denied, 532 U.S. 957, 121 S.Ct. 1485, 149 L.Ed.2d 373 (2001).
The application of Scindia to the present facts leads to the conclusion that Gulf/Inland was negligent in its capacity as an employer, not in its capacity as a vessel owner. The task of the barge was to transport materials to the job site. The task of the construction crew was to construct the platform; this task included transporting the pipe jack from the barge to the platform. The performance of the construction work was separate and apart from the work of the vessel. There is no evidence in the record that the barge or anyone present at the site was engaged in vessel duties at the time of the accident.
Additionally, the record reflects that the near corner of the barge was within four inches of the platform and provided an avenue of safe ingress and egress. There is no evidence in the record that the far corner, where the distance was much greater, was used, other than on this one occasion, to |Kreach the platform.[2] Rather, it is undisputed that the crew regularly used the near comer for ingress and egress. Daggs’s injuries were caused by Martin’s action in carrying the pipe jack from the barge to the platform at the far end of the barge, rather than using the point of ingress and egress where the barge and the platform nearly touched. Clearly, in attempting to reach the platform at this location, Martin was acting solely in his capacity as the supervisor of the job and was not engaged in a vessel-related activity.
Furthermore, any knowledge of a dangerous condition or of any improvident acts on behalf of Gulf/Inland in its role as stevedore cannot be imputed to Gulf/Inland in its capacity as a vessel owner. To impute this knowledge to the vessel owner would effectively eliminate the provision of Sections 905(b) that provides that this remedy is exclusive of all other remedies, by allowing a vessel owner to be held liable in tort for damages arising from its negligence as a stevedore. Castorina v. Lykes Bros. S.S. Co., Inc., 758 F.2d 1025, 1033, (5 Cir.1985), cert. denied, 474 U.S. 846, 106 S.Ct. 137, 88 L.Ed.2d 113 (1985); Holmes v. Daybrook Fisheries, Inc., 98-1824, p. 4-5, (La.App. 4 Cir. 2/24/99), 730 So.2d 1006. For these reasons, we find no error in the trial court’s determination that Gulf/Inland was not negligent in its capacity as a vessel owner.
Accordingly, the judgment of the trial court is affirmed. Costs are assessed against James L. Daggs.
AFFIRMED.

. The trial court determined that the distance at the far comer was approximately two and one-half feet. Daggs strenuously argues that this factual determination was manifestly erroneous. This case does not turn on this factual determination as the near corner of the barge was the intended point of ingress and egress. Furthermore, there is no manifest error in this factual determination of the trial court. With respect to the distance between the barge and the platform, the parties presented various factual scenarios, requiring a factual determination by the trier of fact. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).